ANNIE H. BOSEMAN v. OHIO STATE LIFE INSURANCE COMPANY.

(Filed 17 March, 1937.)

**Insurance § 30c—Where nonpayment of premium to insurer's agent in accordance with agreement is caused by termination of agent's employment without notice to insured, insurer may not declare forfeiture.**

Evidence that insured made an agreement with insurer's agent that the agent would collect the monthly premium from insured's employer on the due date, and that the employer was ready, able, and willing to make the payment, but that the agent did not call as agreed because of the termination of his employment with insurer prior thereto, and that insurer gave no notice to insured or his employer that it would require payment direct to it or to its successor agent, *is held* sufficient to be submitted to the jury on the question of payment of the premium in the beneficiary's action on the policy after the death of insured during the month for which such payment would have kept the policy in force.

APPEAL by defendant from *Harris, J.,* at November Term, 1936, of HALIFAX. No error.

This is an action to recover on a policy of insurance issued by the defendant on the life of Aubrey H. Boseman, who died on 21 October, 1935.

The policy was issued on 26 March, 1935. The premiums were payable on the first day of each month and on the payment of each monthly premium the policy was continued in force for the succeeding month.

It was admitted by the defendant that the plaintiff as beneficiary of the policy is entitled to recover of the defendant the sum of $600.00 if the policy was in force at the death of the insured on 21 October, 1935.

The issue submitted to the jury was answered as follows:

"Was policy No. 67113 in force at the time of the death of Aubrey H. Boseman? Answer: 'Yes.'"

From judgment that plaintiff recover of defendant the sum of $600.00 with interest from 23 October, 1935, and the costs of the action, the defendant appealed to the Supreme Court, assigning as error the refusal of the trial court to allow its motion for judgment as of nonsuit at the close of all the evidence, and the peremptory instruction of the court to the jury.

*No counsel for plaintiff.*
*Battle & Winslow for defendant.*

PER CURIAM. It is admitted by the defendant that all the evidence at the trial of this action showed that the policy sued on was in force from the date of its issuance to 1 October, 1935. The defendant contends that

there was no evidence tending to show that the premium due on the policy on 1 October, 1935, was paid by the insured, and for that reason, under its terms, the policy was not in force at the death of the insured on 21 October, 1935. This contention cannot be sustained.

All the evidence showed that in accordance with the instructions of a general agent of the defendant, approved by the defendant, the insured had made arrangements with his employer for the payment of the premium due on 1 October, 1935, and that on that day the employer was ready, willing, and able to pay the premium. The agent of the defendant who had theretofore collected the monthly premiums due on the policy, failed to call on the employer on 1 October, 1935. This agent left the employment of the defendant during the month of September, 1935. Neither the agent nor the defendant notified the insured or his employer that the said agent had left the employment of the defendant, or that the insured would be required to pay the premium due on 1 October, 1935, direct to the defendant or to the successor of the agent who had theretofore collected the monthly premiums. The employer of the insured testified that he had in hand on 1 October, 1935, the money to pay the premium due on that day, and would have paid the premium if the agent of the defendant had called for the money, in accordance with the arrangement made with him by the insured and the agent of the defendant.

In *Lindley v. Ins. Co.*, 209 N. C., 116, 182 S. E., 716, the renewal premium required to keep the policy in force was not paid or tendered to the defendant until after the death of the insured. It was held that the plaintiff could not recover on the policy for the reason that it was not in force at the death of the insured. In the instant case, all the evidence showed that the premium due on 1 October, 1935, was paid by the insured in accordance with the instructions of the defendant. The cases are distinguishable.

The judgment in the instant case is affirmed.

No error.